UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORY ISOKEN EDOKPAYI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:19-CV-01242-X |
| MERRICK GARLAND, ATTORNEY | § | |
| GENERAL OF THE UNITED | § | |
| STATES, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Glory Isoken Edokpayi brings this action against Merrick Garland, Attorney General of the United States, alleging that denying her husband Nosakhare Edokpayi's Form I-130 petition violates the Administrative Procedure Act. Ms. Edokpayi moved to designate a new plaintiff (her husband). [Doc. No. 68]. Garland moved to dismiss for failure to state a claim. [Doc. No. 74]. For the reasons stated below, the Court **GRANTS** the motion to designate a new plaintiff and **GRANTS** the motion to dismiss **WITH PREJUDICE**.

### I. Factual Background

United States Citizenship & Immigration Services denied Nosakhare Edokpayi's petition to obtain an immigrant visa for his spouse living in Nigeria in 2011. The Board of Immigration Appeals later remanded the record to Citizenship & Immigration Services in 2012 to determine whether deferred adjudication constitutes a conviction under the Adam Walsh Act. In 2000, Mr. Edokpayi pled guilty to the

1

offense of aggravated sexual assault of a child under fourteen in exchange for deferred adjudication. The record reflects that in 2012 the state court dismissed the proceedings against Mr. Edokpayi. In 2017, Citizenship & Immigration Services denied the petition again because it determined that a deferred adjudication constituted a conviction under the Adam Walsh Act. Mr. Edokpayi appealed this decision to the Board of Immigration Appeals, which ruled in Citizenship & Immigration Services' favor. After that appeal, Mr. Edokpayi filed a petition for review in his wife's name with the Fifth Circuit, which transferred the case to this District.

## II. Legal Standards

When a district court reviews an agency action under the Administrative Procedure Act, the court sits as an appellate tribunal.[1] Under the Administrative Procedure Act, this Court must "hold unlawful and set aside agency actions, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[2] The Court must give effect to the "unambiguously expressed intent" of a federal statute, but if a statute is ambiguous or silent then the Court must defer to the agency's interpretation so long as the interpretation is reasonable.[3] Importantly, "[e]ven under *Chevron*, we owe an agency's interpretation of the law no deference unless, after employing traditional

---

[1] *Redeemed Christian Church of God v. USCIS*, 331 F.Supp.3d 684, 694 (S.D. Tex. 2018) (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)).

[2] 5 U.S.C. § 706(2)(A).

[3] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984).

tools of statutory construction, we find ourselves unable to discern Congress's meaning."[4] All else aside, "[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."[5]

### III. Analysis

#### *Motion to Designate a New Plaintiff*

The defendant does not oppose Ms. Edokpayi's motion to designate a new plaintiff. According to Federal Rule of Civil Procedure 21, a court may "at any time, on just terms, add or drop a party."[6] The Court therefore **GRANTS** the motion to designate a new plaintiff and accordingly adds Mr. Edokpayi as the plaintiff and dismisses Ms. Edokpayi.

#### *Motion to Dismiss*

8 U.S.C. § 1154(a)(1)(A)(i) provides that:

> Except as provided in clause (viii), any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in paragraph (1), (3), or (4) of section 1153(a) of this title or to an immediate relative status under section 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification.

8 U.S.C. § 1154(a)(1)(A)(viii)(I) further provides that:

> Clause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion,

---

[4] *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018) (cleaned up).

[5] *Estate of Cowart v. Nicklos Drilling, Co.*, 505 U.S. 469, 475 (1992).

[6] FED. R. CIV. P. 21.

> determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (i) is filed.

So, the central question here is whether Mr. Edokpayi's situation falls into the category of "convicted" under the statute.

Mr. Edokpayi offers two arguments supporting the idea that Citizenship & Immigration Services improperly denied his petition. First, Mr. Edokpayi argues that he was not convicted in Texas because he underwent deferred adjudication, and therefore is not convicted under the meaning of section 1154. Second, he argues that Citizenship and Immigration Services improperly applied the definition of conviction under the statute in his case. Both arguments fail.

Mr. Edokpayi first argues that deferred adjudication is not a conviction under Texas law and therefore he does not count as "convicted" under the Adam Walsh Act. He also brings up the Texas Code of Criminal Procedure, which indicates that—with the exception of Section 12.42(g)—deferred adjudication cannot be considered a conviction.[7] But Mr. Edokpayi actually was convicted under Texas law. Importantly, Section 12.42(g) provides that, even with deferred adjudication, offenses listed under Section 12.42(c)(2)(B) qualify as convictions under Texas law by providing that a

> defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.[8]

---

[7] Doc. No. 66 at 6; TEX. CODE CRIM. PROC. art. 42A.111(c).

[8] TEX. PENAL CODE § 12.42(g)(2).

Mr. Edokpayi concedes that "he pled guilty to the offense of 'aggravated sexual assault, child under 14' . . . in exchange for deferred adjudication for a period of ten years and a fine of $1,000, which was also probated."[9] The specific Texas law section associated with this conviction is found at Section 22.021.[10] This is an offense under Section 12.42(c)(2)(B), which means Mr. Edokpayi's guilty plea in exchange for deferred adjudication is a conviction under Texas law.[11]

Mr. Edokpayi further argues that Citizenship and Immigration Services improperly applied the meaning of "conviction" under the relevant statute to his situation.[12] This is also wrong. The Board of Immigration Appeals applied a definition of "conviction" informed by a different section in the Immigration and Naturalization Act.[13] That definition applies only to an "alien."[14] But the statute also addresses when a "citizen of the United States who has been convicted of a specified offense against a minor" creates the petition.[15] The definition of conviction

---

[9] Doc. No. 66 at 7.

[10] TEX. PENAL CODE § 22.021 (law criminalizing aggravated sexual assault of a minor under fourteen).

[11] *See* TEX. PENAL CODE § 12.42(c)(2)(B)(ii) (listing "Section 20A.02(a)(7) or (8), 21.02, 21.11, 22.011, 22.021, or 25.02, Penal Code").

[12] Doc. No. 66 at 2.

[13] *Id.*

[14] The Immigration and Naturalization Act defines conviction with respect to an alien as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A).

[15] 8 U.S.C. § 1154(a)(1)(A)(viii)(I).

5

with respect to an alien is inapplicable to a citizen, but nevertheless it aids in understanding what "conviction" means in the statute applicable here.[16]

As usual, the Court will first look to the plain meaning of the statute, and if the meaning of the statute is clear and unambiguous, then the Court's inquiry ends.[17] Black's Law Dictionary defines the verb "convict" as "[t]o prove or officially announce (a criminal defendant) to be guilty of a crime after proceedings in a law court; specif., to find (a person) guilty of a criminal offense upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest)."[18]  So, the plain and ordinary meaning of "convict" encompasses Mr. Edokpayi's situation because Mr. Edokpayi entered a guilty plea.

There is no reason for the Court to depart from the plain meaning of the statute.  Mr. Edokpayi pled guilty to aggravated sexual assault of a minor under fourteen.[19]  Therefore, he was convicted of that offense under Texas law.  Accordingly, the Board of Immigration Appeals' decision was correct, and the Court should dismiss this case

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to designate a new plaintiff and **GRANTS** the motion to dismiss **WITH PREJUDICE**.

---

[16] *See* Brett M. Kavanaugh, *Fixing Statutory Interpretation*, 129 HARV. L. REV. 2118, 2163 (2016) (book review) (courts should "find the best reading of the statute by interpreting the words of the statute, taking account of the context of the whole statute").

[17] *Estate of Cowart*, 505 U.S. at 475.

[18] *Convict*, *Black's Law Dictionary* (11th ed. 2019).

[19] Doc. No. 66 at 10.

**IT IS SO ORDERED** this 26th day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

7